James Charles RYMAN, and Underwriters at Lloyds, London, England, to His Own Use and the Use of Certain Other Underwriters at Lloyds, London, England, Plaintiffs,

v.

SPRUCE VENEER PACKAGE CORPORATION, a corporation, Thomas J. Brean, R. E. Anderson and Co., Inc., a corporation, Defendants,

United States of America, Intervenor.

No. 2293.

United States District Court
W. D. Washington, S. D.

April 8, 1959.

Clarke, Clarke, Albertson & Bovingdon, R. B. Albertson, Seattle, Wash., for plaintiff.

Theodore M. Rosenblume, Seattle, Wash., for defendant Thomas J. Brean.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., Thomas R. Winter, Sp. Asst. to Regional Counsel, I. R. S., Seattle, Wash., for the United States.

BOLDT, District Judge.

The above-entitled action having come on for hearing on the 7th day of April, 1959, the plaintiffs appearing by their attorneys, Clarke, Clarke, Albertson & Bovingdon, but not appearing in court; the defendant Thomas J. Brean appearing by his attorney, Theodore M. Rosenblume, but not appearing in court; the defendants Spruce Veneer Package Corporation, a corporation, and R. E. Anderson and Co., Inc., a corporation, having been duly served with process and defaults of said defendants having been duly entered of record; and the United States of America, intervenor, appearing by Charles P. Moriarty, United States Attorney for the Western District of Washington, and Thomas R. Winter, Special Assistant to the Regional Counsel, Internal Revenue Service, and being represented in court by said Thomas R. Winter; and the Court having jurisdiction of the parties to the above-entitled action and jurisdiction of the subject matter of the action, evidence having been introduced and the Court being fully advised in the premises, now makes the following:

## Findings of Fact

### I.

That this is a civil action involving a controversy between citizens and residents of foreign countries, and citizens and residents of a state of the United States, to wit, the plaintiffs, citizens and residents of London, England, and the defendants, citizens and residents of the State of Washington; that the controversy between the plaintiffs and the defendants involves a sum in excess of $3,000, exclusive of interest and costs, to wit, the sum of $8,800, and is a civil action of which the District Courts of the United States have original jurisdiction.

### II.

That James Charles Ryman, and certain other underwriters at Lloyds, London, England, existing under the laws of Great Britain, issued a policy of insurance, insuring the defendant, Spruce Veneer Package Corporation, against loss of use and occupancy, by reason of fire, at its premises located in Puyallup, Washington, in accordance with the terms and conditions of said policy.

### III.

That a fire occurred on the premises of the defendant, Spruce Veneer Package Corporation, on or about the 10th day of October, 1955, as the result of which the insured made claim against the plaintiffs under the aforementioned insurance policy. That thereafter the said insured executed and delivered its proof of loss in the amount of $8,800, which was the agreed amount of loss, arising by reason of said fire.

### IV.

That the defendant, Thomas J. Brean, is a resident of Puyallup, Washington, and that the defendant, R. E. Anderson and Co., Inc., is a corporation, organized and existing under and by virtue of the laws of the State of Washington, doing its principal business in Tacoma, Washington.

### V.

That on or about September 30, 1958, intervention in this suit was authorized by the Acting Commissioner of Internal Revenue, a delegate of the Secretary of the Treasury of the United States, and was brought under the direction of the Attorney General.

### VI.

That jurisdiction is conferred upon this Court by Sections 7401 and 7403 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 7401, 7403, for the reason that this is a claim arising under the Internal Revenue laws of the United States, wherein the United States seeks to foreclose tax liens and obtain further relief pursuant to the alleged tax liabilities herein.

### VII.

That the defendant, Spruce Veneer Package Corporation, has a right to do business and is doing business in the Western Judicial District of Washington and has its principal office at 201–10th Street, Southeast, Puyallup, Washington.

### VIII.

That during all the following times:

| From and including | To and including |
| --- | --- |
| 1-1-52 | 3-31-52 |
| 10-1-52 | 12-31-52 |
| 1-1-54 | 6-30-54 |
| 4-1-55 | 6-30-55 |
| 10-1-55 | 12-31-55 |

the defendant, Spruce Veneer Package Corporation, employed divers persons to each of whom he paid wages on account of such employment; that by reason of said employment and payment of wages, the then Commissioner of Internal Revenue made assessments during 1952, 1953 and 1954 and a delegate of the Secretary of the Treasury made assessments during 1955 of the amounts to have been deducted and withheld by the defendant, Spruce Veneer Package Corporation, from such wages as taxes upon the income of such employees (otherwise known as withholding taxes); that interest was included in each assessment except the assessment for the second quarter year period of

1955; that the period in which the taxes accrued, the amount of each tax and interest, and the date of each assessment are as follows:

| Taxable Period | Total Assessment | Including Tax | Interest | Date of Assessment |
|---|---|---|---|---|
| 1st Q 1952 | $12,556.58 | $12,523.64 | $32.94 | 5-16-52 |
| 4th Q 1952 | 9,349.69 | 9,329.82 | 19.87 | 2-13-53 |
| 1st Q 1954 | 6,991.69 | 6,939.20 | 52.39 | 6-11-54 |
| 2d Q 1954 | 6,684.14 | 6,677.60 | 6.54 | 8-6-54 |
| 2d Q 1955 | 5,861.28 | 5,861.28 | —— | 8-31-55 |
| 4th Q 1955 | 1,019.51 | 1,015.67 | 3.84 | 2-23-56 |

IX.

That notice was given to and demand made of the defendant, Spruce Veneer Package Corporation, on behalf of the intervenor, for payment of the amounts assessed as described in paragraph VIII on the following dates:

| Period Covered By Assessment | Notice and Demand | Notice Of Lien |
|---|---|---|
| 1st Q 1952 | 5-16-52 | 7-29-52 |
| 4th Q 1952 | 2-13-53 | 3-12-53 |
| 1st Q 1954 | 6-15-54 | 8-6-54 |
| 2d Q 1954 | 2-6-54 | 8-11-54 |
| 2d Q 1955 | 8-31-55 | 10-13-55 |
| 4th Q 1955 | 2-23-56 | 2-28-56 |

That on the dates shown above, notices were filed on behalf of the United States with the Auditor, Pierce County, State of Washington, wherein liens are claimed on behalf of the United States upon all property and rights to property of the defendant, Spruce Veneer Package Corporation, for the amounts of the aforesaid assessments.

X.

That payments were made against the assessments described in paragraph VIII as follows:

First Quarter of 1952

| 10-2-57 | $2,168.19 |
|---|---|
| 12-23-57 | 77.90 |

Fourth Quarter of 1952

| 11-24-53 | $ 500.00 |
|---|---|
| 4-25-57 | 973.11 |
| 4-26-57 | 351.40 |
| 5-6-57 | 297.18 |
| 5-20-57 | 100.36 |
| 5-29-57 | 464.52 |
| 6-20-57 | 119.48 |
| 6-28-57 | 1,313.21 |
| 7-5-57 | 496.30 |
| 11-6-57 | 530.99 |
| 12-4-57 | 43.05 |
| 5-20-57 | 382.35 |

First Quarter of 1954

| 11-20-57 | $ 40.00 |
|---|---|

Second Quarter of 1954

| 9-8-54 | $4,200.15 |
|---|---|

That no part of the balance of the assessments described in paragraph VIII has been paid.

XI.

That on January 15, 1958, the defendant, Spruce Veneer Package Corporation, by its president, Carl J. Unbedacht, agreed in writing with District Director of Internal Revenue William E. Frank that the unpaid balance of the assessment of withholding taxes for the first quarter-year period of 1952 in the amount of $10,310.49 together with such interest, penalties and other additions as are provided by law which have accrued and which may accrue on the said assessment

may be collected by proceeding in court begun on or before December 31, 1964.

## XII.

That the defendant, Thomas J. Brean, is assignee for certain employees of Spruce Veneer Package Corporation, claiming labor liens for said employees, in the total sum of $6,499.56, which assignment is evidenced by assignment dated November 4, 1955, a true copy of which is attached to and made a part of the complaint in interpleader and marked Exhibit "A"; that said defendant asserts a claim against the insurance monies, payable under said policy, on account of said fire damage.

## XIII.

That the defendant, R. E. Anderson and Co., Inc., asserted a claim against the monies, payable under said policy, by reason of said fire damage, because of unpaid premiums arising out of said policy, in the sum of $614.20, but said defendant has failed to appear and its default has been entered herein.

And from the foregoing findings of fact, the Court makes the following:

Conclusions of Law

1. That the intervenor, United States of America, is entitled to have judgment against the defendant Spruce Veneer Package Corporation, a corporation, in the sum of $30,404.70, together with interest thereon as allowed by law.

2. That the intervenor, United States of America, is entitled to a decree adjudging that the liens of the United States are valid and subsisting liens against the sum of $8,800 heretofore paid into the registry of this Court, said liens being prior and superior to any right, title, lien or claim of any and all of the plaintiffs and defendants, or any person or persons claiming by, through or under them, or any of them.

3. That the United States of America is entitled to a decree adjudging that the said sum of $8,800 paid into the registry of the Court be paid over to the United States to apply on its said

judgment, and that the United States do have and recover judgment against the defendant Spruce Veneer Package Corporation in the amount of $30,404.70, together with interest as allowed by law, or for the amount of such part of that sum as may remain unsatisfied after the payment and distribution of said monies in the registry of this Court.